*Wednesday,*
April 6th.

M‘KEAN for the use of DIXON's Administrators *against* SHANNON and others.

The party who first brings suit upon an official bond is entitled to priority of payment, although he is prevented from obtaining judgment by an order to stay proceedings upon the defendant's paying the amount of the bond into court. All subsequent suitors to the same term are entitled *pro rata;* but if instead of suing they apply to the court to come in under the first suit, priority of application will entitle them to priority of payment.

*S*hannon and *Poalk,* in the course of their business as auctioneers, became indebted to *Dixon,* whose administrators on the 24th *June* 1805 brought suit on the official bond for 5333 dollars 33 cents, returnable to *September* Term, in the name of the Governor for their use. On the 25th *June* 1805, another suit was brought on the same bond for the use of *Abel Hyde;* and on the same day another suit for the use of *John Sherwin.* On the 2d *July* 1805, a fourth suit on this bond was brought for the use of *Roar's* administrators; and on the 26th *February* 1806, an amicable action on the bond was entered to *September* Term 1805, for the use of the Commonwealth. On the 3d *March* 1806, a rule was granted upon the plaintiffs in all these suits to shew cause why proceedings should not be staid, the defendants having paid into court the penalty of the bond, and the costs of the first suit. On the 9th *May* 1807, the attorney general had leave to take out of court 658 dollars 84 cents, the amount due to the Commonwealth for duties; and the above rule was continued from term to term until the 31st *March* 1808, when it was made absolute. On the same day *Ross* for the plaintiffs in the first action moved for leave to take out of court the balance, or so much as was necessary to satisfy their demand against *Shannon* and *Poalk;* and it was upon this motion that the present case arose.

*Ross* contended that by priority of suit he was entitled to the payment of his entire demand, if the balance in court was sufficient; *Meredith* for *Sherwin*, and *M'Kean* (*Attorney general*) for *Roar*, contended for a *pro rata* distribution among all the creditors who had brought suits to the same term.

For the *plaintiffs.* The law is explicitly stated by Chief Justice *M'Kean* in a note to *Dallas* v. *Chaloner's executors*, (*a*) that the person who first sues and obtains judgment on an official bond, is entitled to take the whole penalty, if his demand amounts to so much, in exclusion of every other claimant. And the doctrine was recognised by the whole court in *Dallas* v. *Hazlehurst et al.* (*b*) and carried still further; for in this case they say, that upon principle and authority the creditor *first suing* is entitled to be first and completely paid before other creditors are admitted. At all events, the priority that *Dixon* would have gained by getting the first judgment, he is entitled to in this particular case by commencing the first suit; for it must be presumed that he would have obtained the first judgment had not the court interfered by a rule to stay proceedings; and they certainly will not diminish his security by the rule. We have a clear legal preference, as in a suit against an executor, where among creditors of equal degree, the party first suing is entitled to be first paid. 3 *Bl. Comm.* 19. 1 *Roll. Abr.* 925. *Cro. Eliz.* 41. 1 *Wentw.* 143. 2 *Wentw.* 73. *Shep. Touch.* 457, 8.

For *Sherwin* and *Roar.* The note in 3 *Dallas* appears to have been only a dictum of the Chief Justice. It was not the point before the court; and it relates exclusively to the *first judgment.* In *Dallas* v. *Hazlehurst*, the court did not decide that the creditor first suing should be first paid; the case did not admit of such a decision. On the contrary, the record shews that a suit was brought for the use of *Maria Gapper* against *Footman's* sureties, which suit was afterwards suggested to be also for the use of *James King*, and that a judgment was obtained therein at *March* Term 1802. *Gapper* and *King* agreed together that the former should be first paid her

(*a*) 3 *Dall.* 501.          (*b*) 4 *Dall.* 106.

1808.

M'KEAN
v.
SHANNON.

whole demand, and that the latter should then come in for his. In *March* 1804 *Price* and *Ketland*, two creditors who never brought suit, petitioned the court for a *pro rata* distribution among all the claimants. But their petition was refused; the judgment was paid according to the agreement of *Gapper* and *King*; and therefore the only point decided by the court was that suit and judgment give a priority before creditors who never bring suit, which we do not deny. But here were four suits instituted within a few days of each other to the same term. As there was no defence, judgment must have been signed in all of them upon the same day, if proceedings had not been staid; and judgments on the same day are on the same footing. *Emerick* v. *Garwood* (*a*). The act of Assembly requires only that the day of the month and year of signing a judgment be set down, but not the hour of the day.

TILGHMAN C. J. delivered the opinion of the court.

This action is brought for the penalty of an auctioneer's bond, in order to recover a sum of money due from the auctioneer, for cash received on sale of the plaintiff's goods at auction.

After the plaintiff commenced his action, several other creditors commenced suits on the same bond, at different times, but all returnable to the same term as the plaintiff's suit. The defendants brought into court the amount of the penalty and costs of suit, whereupon proceedings were staid before Judgment. It was agreed that the debt due to the Commonwealth for duties should be paid in the first place; and it is now submitted as a question for the Court's decision, whether the several persons who have brought suits, should have preference in payment according to their respective priority of suit, or whether they should all come in equally, *pro rata.*

If it was in the power of the court to distribute the money according to their discretion, it would be most agreeable to their ideas of equity to let all the creditors in equally. But they have no such power. The act of Assembly under which the bond was taken, is silent as to the mode of proceeding on it. 2 *St Laws* 777. 27th *March* 1790. The case must therefore be governed by the general principles of the law. If the plaintiff

(*a*) 4 *Dall.* 321.

had been suffered to go on to judgment, I know of nothing which could have hindered him from receiving full payment of his demand. This is expressly laid down by *M‘Kean* Chief Justice in the case of *Dallas* v. *Chaloner's executors*, 3 *Dall.* 501. *note*, as the settled rule in suits on official bonds. But it is said that in this case there is no judgment, and therefore it is not within the rule. But why is there no judgment? Not by any fault of the plaintiff, but solely because the court has ordered the proceedings to be staid, on the money being brought into court. When the court make orders of this kind for the protection of a defendant, they will take care that the plaintiff receives no injury. The plaintiff having brought the first suit, it must be presumed that he would have obtained the first judgment. Indeed it has not been shewn to my satisfaction, that any other person could bring a *second* suit on this bond. I am therefore clearly of opinion that the plaintiff is entitled to be paid the whole of his demand in preference to the others.

But as there will be a surplus after satisfying the plaintiff, how is that to be disposed of? We are not without a precedent to assist us in this respect. In the case of *Dallas* v. *Hazlehurst*, 4 *Dall.* 106. *note*, a suit was brought on an auctioneer's bond for the use of Mrs. *Gapper*, which was marked on the record, *before judgment*, to be also for the use of *James King*. The order of the court was that Mrs. *Gapper* should be paid *first*, and then *King*. Now although it turned out that there was more than enough to pay both, yet the order gives an express priority to Mrs. *Gapper*. After the judgment was entered, other persons who were creditors, petitioned the court for leave to take the money among them; and their petition was granted; but there was no dispute about priority, for they settled that matter among themselves. In the case now before the court, I know of no rule so reasonable as to consider the action first brought as being for the use not only of the plaintiff who brought it, but also after him for the use of the several other persons who brought suits. If instead of bringing suits they had applied to the court for permission to enter on the record that the first suit was for their use also, the court would I conceive in granting that permission have governed themselves by the principle adopted in *Dallas* v. *Hazlehurst*, viz. that priority of application gave title to priority of payment. But in the present case the actions being all brought to the same term, the

1808.

M'KEAN
v.
SHANNON.

applications to the court must be considered as all made at the same time.

Upon the whole of this case I am of opinion that the plaintiff is entitled in the first place to receive payment of his whole demand, and the surplus is to be distributed equally *pro rata* among the other persons who have brought suits to the same term.

BRACKENRIDGE J. concurred in opinion with the court that *Dixon* was entitled to payment in the first instance; but he said he had not fully made up his mind as to the distribution between the other creditors.